UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTHERN TEXAS

Chapter 7
Bankruptcy No. _____ 15-60013
Adversary. No. _____

| | |
|---|---|
| In Re: ) | |
| ) | |
| Ellie Ramos Palma, ) | |
| ) | |
| Debtor, ) | **ADVERSARY COMPLAINT TO** |
| ) | **DETERMINE NON-** |
| Naphtha Transportation, LLC, ) | **DISCHARGEABILITY DUE TO** |
| ) | **FRAUD 11 U.S.C. 523(a)(2) AND** |
| Plaintiff, ) | **WILLFUL DESTRUCTION OF** |
| vs. ) | **PROPERTY 11 U.S.C. 523(a)(6)** |
| ) | |
| Ellie Ramos Palma, ) | Clerk, U.S. District Court |
| ) | Southern District of Texas |
| ) | FILED |
| Defendant. ) | OCT - 3 2016 |
| ) | David J. Bradley, Clerk of Court |

TO: Ellie Ramos Palma and her attorney,

1. This Complaint is filed by a creditor of the Debtor in the above-captioned Chapter 7 case. The Court thus has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns a debt of the Debtor, pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding.

2. The above-referenced debtor filed Chapter 7 bankruptcy in the District of Southern Texas on February 21, 2015.

3. The meeting of creditors has been continued so often the court, on the Trustee's motion, issued an Order compelling attendance by the debtor at the 341 meeting on August 8, 2016. This is six months past the date of filing. Upon information and belief, Debtor has used this time to further delay, hinder, and defraud

creditors. The Plaintiff believes Defendant has channeled money to entities created by her and otherwise hid money from creditors through this bankruptcy proceeding and by creating new entities under Texas law. The Plaintiff agrees with the trustee that the companies in which the Defendant is involved should be treated as her alter-egos, in that these are assets she hid from creditors and from the bankruptcy court in her petition. The movement of these assets to these entities should be seen by the court as a way to defraud the bankruptcy estate and her creditors. *See* Adversary 16-6010 (discussing the various companies debtor incorporated or organized but failed to schedule on her bankruptcy petition).

4. The Plaintiff, Naphtha Transportation, LLC is a limited liability company organized in Texas.

5. Plaintiff previously filed an adversary complaint requesting non dischargeability of the judgment debt to the Plaintiff, which had been dismissed voluntarily and without prejudice.

6. A discharge has not been entered for the Debtor. It is unknown whether the trustee will make a motion under 11 U.S.C. 727 and so the Plaintiff must file this adversary complaint.

7. Because the 341 meeting was first held August 8, 2016, that date begins the tolling on the Plaintiff's action under 11 U.S.C. 523(a)(2). Sixty days from August 8, 2016 is October 7, 2016. This adversary complaint should be considered timely because it has been filed prior to October 7, 2016.

8. Plaintiff was listed as a creditor in Debtors' bankruptcy petition as a judgment

creditor.

9. Plaintiff obtained a money judgment for fraud committed by the Debtor in Texas, Case No. 12-8-73584-D.

10. The debtor is a natural person and resident of Texas, residing at 71 Dry Creek Road, Victoria, TX 77905.

11. Plaintiff properly served Defendant with the summons and complaint in Texas.

12. Defendant failed to Answer the Complaint.  Via operation of Texas state law the allegations stated in the complaint are deemed admitted by the Defendant.  A true and correct copy of the Default Judgment Order is attached as Exhibit 1 and incorporated into this adversary complaint by reference.

13. Plaintiff's judgment against Defendant is for fraud in that Defendant misrepresented the sale of investments in a trucking business.  Then Defendant took the Plaintiff's money, upon information and belief, and used it for her own personal gain.

14. Defendant owes Plaintiff the following amounts via the judgment:
    a. $619,212.00 for the fraud committed
    b. $15,000 in attorney's fees in the state court case
    c. $987.23 for costs of court
    d. Interest rate of 5% from the date of judgment--$61,000.00 to date
    e. Total: $696,199.23

15. Despite the fraud judgment, Defendant continues to operate businesses, and in fact incorporated or organized at least four businesses within three weeks of filing her

3

bankruptcy petition.

16. Despite having operating and viable businesses, Defendant has refused to pay Plaintiff and filed bankruptcy in hopes to discharge a just debt.

17. Plaintiff pleas that the Bankruptcy Court consider the matter fully heard by the state court and that this prevents the discharge of the Debtor's debts by res judicata or collateral estoppel.

18. Because Defendant has very little debt scheduled in her petition, except for Plaintiff's debt and another investment scheme fraud, Plaintiff believes the filing of the bankruptcy petition is an effort to "hinder, delay, or defraud" creditors pursuant to 11 U.S.C. Section 523(a).

## COUNT I: COMMON LAW FRAUD IS NON-DISCHARGEABLE UNDER 11 U.S.C. Section 523(a)(2)

19. Plaintiff re-states and re-alleges the allegations set forth in paragraphs 1 through 18 and incorporates them by reference.

20. Despite having several months to Answer the Plaintiff's summons and complaint in State Court, for which the court found she was duly and properly served, Debtor/Defendant refused to Answer.

21. Plaintiff then obtained a default judgment to which Defendant did not Answer.

22. Defendant did not attempt to obtain post-judgment relief in Texas state court pursuant to Texas law.

23. The state court found as a matter of law that Defendant's failure to Answer the Complaint is an admission of fraudulent conduct.

24. By failing to Answer, Defendant has admitted to the following allegations:

   a. Defendant made false representations of material facts to Plaintiff, including, but not limited to, an agreement to lease equipment.

   b. Defendant made false representations of material facts to Plaintiff including, but not limited to, representing that she would pay on the contract according to its terms. When she took possession of the equipment she refused to pay on the contract or return the equipment. She hid the equipment from the Plaintiff.

   c. Defendant knew the representations were false at the time she made them.

   d. Defendant made the misrepresentations with the intent to induce Plaintiff to complete the transaction described in the contract.

   e. Plaintiff reasonably relied on Defendant's misrepresentations and was induced to complete the transaction described in the contract.

   f. Defendant's misrepresentations proximately caused Plaintiff to suffer damages in the amount of $696,199.23.

   g. The above allegations put Defendant on notice of Plaintiff's claim that Defendant's fraudulent statements and conduct induced to Plaintiff to act to Plaintiff's detriment including the delivery of equipment consisting of semi-trucks and trailers which were never returned. In addition, Defendant cannibalized some of the trucks and changed wheels, mechanical systems, and other items to damage the Plaintiff's property. The semi-cabs reaked of urine when returned to Plaintiff.

25. Defendant has not voluntarily returned the fraudulently obtained equipment to Plaintiff. The Plaintiff did recover some of the equipment, but most of that had been damaged and was unusable.

26. The Court found Defendant's actions constituted fraud under Texas Law as stated in the judgment docketed July 13, 2013.

27. Should the bankruptcy court find that the state court judgment is not res judicata, Plaintiff pleads this Count I *de novo*.

28. Defendant's filing of a bankruptcy petition on February 21, 2015 is an attempt to further hinder, delay, and defraud the Plaintiff.

29. Because of the fraudulent behavior, Defendant is not entitled to a discharge for this debt via operation of 11 U.S.C. 523(a)(2).

### COUNT II—WILLFUL DESTRUCTION OF PLAINTIFF'S PROPERTY IS NONDISCHARGEABLE UNDER 11 U.S.C. 523(a)(6)

30. Pursuant to 11 U.S.C.523(a)(6), a debt is nondischargeable "for willful and malicious injury by the debtor another entity or to the property of another entity."

31. Defendant signed a leasing contract to lease Plaintiff's semi-trucks and trailers (the "equipment").

32. Defendant took possession of the equipment and then wrongfully defaulted on the lease.

33. After default, Plaintiff demanded payment in full or return of the equipment.

34. Defendant attempted to negotiate terms to less than one quarter of the original price. Plaintiff refused these strong-arm tactics.

35. Defendant intentionally did not return the vehicles and did not pay on the lease.

Defendant instead took the Plaintiff's equipment and intentionally and maliciously hid it or converted it so that Plaintiff could not find it.

36. When Plaintiff found the equipment many months later, several of the trucks had been abandoned without maintenance, cannibalized for parts, or key parts of the trucks were missing. Additionally, Defendant swapped old wheels for new wheels on some of the equipment. Defendant or her agents performed these acts which she knew would cause injury to the Plaintiff's property.

37. Defendant knew that the loss of the lease income would severely injure the Plaintiff and the failure to return the equipment for several months could put the Plaintiff out of business.

38. In addition, there was a strong smell of urine in the cabs of the trucks, leading Plaintiff to believe agents of the Defendant had urinated in the trucks and otherwise abused the equipment beyond normal wear and tear. Defendant or Defendant's agents allowed this to happen, which shows intent and malicious behavior.

39. Because of the Defendant's willful and malicious actions, her debt to the Plaintiff should not be discharged.

**WHEREFORE**, the Plaintiff prays that the bankruptcy court:

1. Find that the Bankruptcy Court consider the matter fully heard by the Texas state court as judgment in fraud and that this prevents the discharge of the Debtor's debt to the Plaintiff by res judicata or collateral estoppel.

2. Find that the Defendant Debtor has committed fraud and therefore her debt to the Plaintiff is nondischargeable under 11 U.S.C. 523(a)(2).

3. In the alternative, find that the Defendant Debtor has caused willful and malicious injury to the Plaintiff and that her debt to the Plaintiff is nondischargeable under 11 U.S.C. 523(a)(6).

4. Enter judgment for Plaintiff in the amount of $696,199.23 for prosecuting this action.

5. Award the debtor his attorney's fees and costs to prosecute this action; and

6. Grant such other relief as the Court deems just and proper.

## VERIFICATION

I declare under penalty of perjury that I have reviewed the attached motion, affidavits, memorandum, and papers, and verify that the information contained in them is true and correct to the best of my knowledge.

_Keith Schallenkamp_ (signature)
Keith Schallenkamp for
Naphtha Transportation, LLC

Date: 9/27/2016

| B104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING (Court Use Only) |
|---|---|---|

**PLAINTIFFS**
NAPHTHA TRANSPORTATION, LLC
KEITH SCHALLENKAMP, OWNER

**DEFENDANTS**
ELLIE RAMOS PALMA

Clerk, U.S. District Court
Southern District of Texas
FILED
OCT - 3 2016

**ATTORNEYS (Firm Name, Address, and Telephone No.)**
NONE AT THIS TIME

**ATTORNEYS (If Known)**
David J. Bradley, Clerk of Court

**PARTY (Check one box only)** [X] 1 U.S. PLAINTIFF  [ ] 2 U.S. DEFENDANT  [ ] 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
I was a mobilized Reservist. I started this company to have a job when my orders ended. I entered into a contract with Ellie Ramos Palma. She defrauded me and I won a lawsuit against her. See attached complaint. She filed Chapter 7 Bankruptcy. She lied on it. We contacte Trustee. He made a settlement for $68,000. This is unfair. She has money and businesses. She lied on bankruptcy.

**NATURE OF SUIT** (Check the one most appropriate box only.)

[ ] 454 To Recover Money or Property
[ ] 435 To Determine Validity, Priority, Extent of a Lien or Other Interest in Property
[ ] 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
[X] 424 To object or to revoke a discharge 11 U.S.C. § 727

[ ] 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
[ ] 426 To determine the dischargeability of a debt 11 U.S.C. § 523
[ ] 434 To obtain an injunction or other equitable relief
[ ] 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

[ ] 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
[ ] 459 To determine a claim or cause of action removed to a bankruptcy court
[ ] 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)
[ ] 1 Original Proceeding  [ ] 2 Removed Proceeding  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from Another Bankruptcy Court

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** NEAREST THOUSAND $696,000
**OTHER RELIEF SOUGHT**
[ ] JURY DEMAND

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| ELLIE RAMOS Palma | 15-60013 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| SOUTHERN | CORPUS CHRISTI | David R. Jones |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
| | | |

**FILING FEE** (Check one box only.)  [ ] FEE ATTACHED  [ ] FEE NOT REQUIRED  [ ] FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|
| Oct 27, 2016 | Keith Schallenkamp | /s/ Keith Schallenkamp |