UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

IN RE: ELLIE RAMOS PALMA, §
          DEBTOR §      CASE NO. 15-60013
§           (Chapter 7)

### TRUSTEE'S AGREED EMERGENCY 9019 MOTION FOR APPROVAL OF SETTLEMENT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW, Michael B. Schmidt, Chapter 7 Trustee of the above styled and numbered Bankruptcy Estate, ("Schmidt or Trustee") and files this Agreed Motion for Approval of Settlement with Ellie Ramos Palma ("Ellie Palma"); Alex Palma ("Alex Palma"); Naphtha Transportation LLC ("Naphtha") Solid Transport LLC ("Transport") and First Solid Energy Group ("First Solid"). An emergency exists because of the necessity of closing the sale of the Dry Creek real property quickly in order to fund this Settlement.

    1.    Ellie Ramos Palma, Debtor filed her Voluntary Chapter 7 Bankruptcy Petition on

February 21, 2015. Thereafter Michael B. Schmidt was appointed the Chapter 7 Trustee in the Case (the "Trustee").

2. In connection with the Bankruptcy Case, Schmidt filed Adversary No. 16-6010 (the "Trustee Adversary") against Ellie Palma, First Solid Energy Group, et al, seeking to avoid certain pre-petition transfer of real property and other claims. The Trustee also filed Lis Pendens of record giving notice of the Trustee Adversary (the "Lis Pendens" and a Notice of Appointment of Trustee in Bankruptcy Case and Court Order Directing Turnover of Funds ("Notice of Appointment"). In the main Case, the Trustee also obtained an Order for Turnover (Doc# 51) against Ellie Palma, Alex Palma and First Solid (the "Turnover Order"). Naphtha filed Adversary No. 16-6018 (the "Naphtha Adversary") against Ellie Palma seeking to prevent her from receiving a bankruptcy discharge from the Texas State court judgment Naphtha obtained against her on July 9, 2013 in the 377th District Court of Victoria County, Texas.

3. The Trustee, Ellie Palma, Alex Palma, Naphtha, Transport and First Solid have reached a settlement of the Trustee and the Naphtha Adversaries, the terms and provisions of which are set forth below, subject to this Court's approval (the "Settlement"). This Settlement fully settles and compromises all of the disputes with all parties regarding the matters, which are the subject of the Trustee and the Naphtha Adversaries. The parties now seek this Court's approval of this Settlement. This Motion is being served on all creditors and parties in interest. This Motion fully sets forth the terms of the Settlement.

Terms of Proposed Settlement

4. Ellie Palma, Alex Palma and Transport shall, no later than March 30, 2018, consummate and close the sale to Joe Lee Evans, Trustee of GO Trust of 71 Dry Creek Road,

Victoria Texas 77905 and the surrounding land under escrowed contract GF#48800 at Crossroads Title Co, Victoria, Texas ("Crossroads") for a sales price of $220,000.00. Joe Lee Evans, Trustee of GO Trust shall escrow this $220,000.00 no later than March 15, 2018, with Crossroads and fully cooperate with the closing. Such sale closing is conditioned upon any title commitment issues being resolved to Joe Lee Evans Trustee's satisfaction. Crossroads at closing shall pay 100% of the net funds to the Trustee at the offices of Richard Chapman, 101 W. Goodwin, Ste. 700, Victoria, TX 77901, after deduction of closing costs (which the parties expect not to exceed $20,000.00; if they exceed this amount, the Trustee or Naphtha may by a writing delivered to counsel named herein, cancel this Settlement if either delivers a writing to such counsel within four business days of receiving this information). Ellie Palma, Alex Palma and Transport shall instruct Crossroads to make this payment to the Trustee. Ellie Palma, on or before March 15, 2018, shall pay $25,000.00 to the Trustee at 401 Grant Pl, Corpus Christi, TX 78411. The net proceeds of the Dry Creek Sale, this $25,000, and the $19,044.14 the Trustee has on deposit, shall fund this Settlement and will be paid to the Creditors named in paragraph 8 after payment to counsel in paragraph 9, less incidental expenses like bank charges.

     5.    As further consideration the parties shall mutually release each other. The Trustee, this Bankruptcy Estate and Naphtha shall forever release, remise, cancel, acquit and discharge Ellie Palma, Alex Palma, Transport and First Solid and all of the other defendants in the Trustee Adversary and the Naphtha Adversary (and their attorneys) from any and all claims and demands, arising under this Case and the Adversaries and any other matter claimed therein (or that could be claimed therein) and shall dismiss the Adversaries with prejudice. The Turnover Order shall be cancelled and the Trustee shall retain all funds received based on the Turnover Order prior to this Court's approval of this Settlement. The Trustee shall withdraw the Lis

Pendens and file a Notice modifying the Notice of Appointment to reflect cancellation of the Turnover Order.

6. Ellie Palma, Alex Palma, Transport and First Solid and all of the other defendants in the Trustee Adversary and the Naphtha Adversary shall forever release, remise, cancel, acquit and discharge the Trustee (and his attorneys) and Naphtha (and its attorneys) from any and all claims and demands arising in this Bankruptcy Case and the Adversaries (or that could be claimed therein). The releases referred to in paragraphs 6 and 7 of this Motion shall be effective when the Court signs its order approving this Motion. In the event the Trustee does not timely receive these funds as set forth above, this Settlement shall have no further force or effect.

7. Creditors, Naphtha, Selman Munson & Lerner, PC ("Selman"), and Thompson Tree & Landscaping, Inc. ("Thompson") filed timely claims in the amounts of $635,199.23, $193,052.51 and $7,034.80 respectively. The proof of claim bar date was 12-5-16 and no other timely claims have been filed. The claims of Naphtha, Selman and Thompson shall be allowed in their respective amounts. Distributions to these creditors under this Settlement shall be made pro rata, with Naphtha receiving 79.44%, Selman receiving 19.84% and Thompson receding 0.72% of such distributions. After deducting the $60.000.00 provided in paragraph 9 below, and any incidental expenses, such as Trustee bank charges, the Trustee shall fully distribute the balance on deposit to these creditors based on their pro rata share thereof no later than 15 days after the proceeds of the sale of the Dry Creek Property, and the $25,000 referred to in paragraph 5 above, are received by him. All payments to Naphtha shall be sent to their attorney, Tim Dowling and made payable to Anderson, Lehrman, Barre & Maraist, LLP. Naphtha, Selman and Thompson, upon distribution in accordance with this paragraph, shall forever release, remise, cancel, acquit and discharge the Trustee (and his attorneys) from any and all claims and demands arising in this

Bankruptcy Case and the Adversaries (or that could be claimed therein).

8. The Law Offices of Michael B. Schmidt ("Schmidt") and Anderson, Smith, Null & Stofer, LLP ("Chapman") have been employed by Order of this Court to represent the Trustee. In performing their duties, both will have unpaid fees and expenses in excess of $90,000.00. The Trustee's statutory fee would be approximately $13,000.00. To facilitate this Settlement, Schmidt, and Chapman have agreed to accept $60,000.00 ($30,000.00 each) in full payment of their attorney fees and expenses, without the further requirement to file and obtain approval of a fee application for payment of them. The Trustee has agreed to waive the payment of his statutory trustee fee.

## Merits Of Compromise

9. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable."*TMT Trailer,* 390 U.S. at 424; *In re Aweco, Inc.,* 725 F.2d 293, 298 (5th Cir.), cert. denied, 469 U.S. 880 (1984). The terms "fair and equitable" mean that senior interests are entitled to priority over junior interests. *TMT Trailer,* 390 U.S. at 441-1 *Aweco,* 725 F.2d at 298.

10. In determining whether a proposed compromise is fair and equitable, the Court should consider the following factors:

- the probabilities of ultimate success should the claim be litigated;
- the complexity, expense, and likely duration of litigating the claim;
- the difficulties of collecting a judgment rendered from such litigation; and,
- all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer*.

Analysis of Proposed Compromise

11. <u>Probabilities of Ultimate Success</u>. Based upon the nature of the Adversaries, and the issues to be litigated, Trustee believes that the probability of success on the merits has risk. This Settlement ends what could be years of litigation, complex discovery and numerous appeals. After that, if the Trustee is successful, he will have to market and sell the recovered property, which process will result in further expenses to the Estate and diminish return to creditors. The value of the equity in any of the recovered property will diminish during litigation because of the increased costs of taxes and most likely like of maintenance. This Settlement immediately liquidates the Adversary to cash and provides the Estate with immediate significant funds. The vast portion of the funds will come from the sale of Dry Creek, which the Debtor claims as her exempt homestead. The Trustee believes the proposed Settlement is in the best interest of the Estate and its remaining creditors.

12. <u>Complexity, Expense and Likely Duration</u>. The issues are complex and novel. The Trustee believes that without this Settlement, Ellie Palma and the other defendants will defend themselves vigorously and continued long term litigation is guaranteed. This litigation without this Settlement would be lengthy and costly and appeals would be likely and result in more complexity, duration and costs.

13. <u>Difficulties of Collection</u>. Trustee believes that collection is a significant issue in that, if successful, the Trustee must ultimately sell the property in order to liquidate it and that process will require further costs and consume a significant amount of time. The Trustee will have to collect from oil and gas entities at a time when the markets are depressed and oil and

gas assets have lost significant value. This Settlement brings immediate cash.

Accordingly, Trustee requests that this Court approve the proposed Settlement by the Court signing the proposed order approving this Settlement, and proposed final judgments dismissing the Trustee Adversary and the Naphtha Adversary (Exhibits A, B, and C respectively hereto), and for such other relief as is just.

Respectfully submitted:

        LAW OFFICES OF MICHAEL B. SCHMIDT
        By: /S/MICHAEL B. SCHMIDT
           Michael B. Schmidt
           401 Grant Pl.
           Corpus Christi, Texas 78411
           Phone: 361-884-9949, ext. 200
           Fax: 361-884-6000
           TBN: 17775200 / FBN 10260

        /s/ RICHARD CHAPMAN
           Richard T. Chapman
           Anderson, Smith, Null & Stofer, L.L.P.
           Post Office Box 1969
           Victoria, Texas  77902
           Telephone (361) 573-9191
           Fax      (361) 573-5288
           SBN 04130100
           ATTORNEYS FOR TRUSTEE

AGREED:

_____
Michael B. Schmidt, Chapter 7 Trustee for Ellie Palma

_____
Richard Chapman, Attorney for the Trustee

_____
Ellie Ramos Palma, Debtor

gas assets have lost significant value. This Settlement brings immediate cash.

Accordingly, Trustee requests that this Court approve the proposed Settlement by the Court signing the proposed order approving this Settlement, and proposed final judgments dismissing the Trustee Adversary and the Naphtha Adversary (Exhibits A, B, and C respectively hereto), and for such other relief as is just.

Respectfully submitted:

        LAW OFFICES OF MICHAEL B. SCHMIDT
        By: /S/MICHAEL B. SCHMIDT
            Michael B. Schmidt
            401 Grant Pl.
            Corpus Christi, Texas 78411
            Phone: 361-884-9949, ext. 200
            Fax: 361-884-6000
            TBN: 17775200 / FBN 10260

        /s/ RICHARD CHAPMAN
            Richard T. Chapman
            Anderson, Smith, Null & Stofer, L.L.P.
            Post Office Box 1969
            Victoria, Texas 77902
            Telephone (361) 573-9191
            Fax    (361) 573-5288
            SBN 04130100
            ATTORNEYS FOR TRUSTEE

AGREED:

_____
Michael B. Schmidt, Chapter 7 Trustee for
Ellie Palma

_____
Richard Chapman, Attorney for the Trustee

_____
Ellie Ramos Palma, Debtor

_____
Alex Noe Palma

The Palma Entities, which are:
Firsol Centerpoint, LLC
Firsol Isbell, LLC
Firsol Kainer, LLC
Firsol Karnes, LLC
Firsol, LLC
**GWKGP,** LLC
JJR Transportation Solutions, Inc.
Pago Resources, LLC
Mexioil & Drilling, LLC
Linkcen, LLC
3KT Properties, LLC
First Solid Energy Group, LP
Solid Transport, LLC
Diamante Resources, LLC


By:_____
Ellie Ramos Palma, on behalf of the Palma Entities

Naphtha Transportation LLC

By:_____
Keith Schallenkamp



_____
Tim Dowling, Attorney on behalf of
Naphtha Transportation LLC


_____
Diane Kliem, Attorney on behalf of
Joe Lee Evans, Trustee of GO Trust


_____
Patrick J. Schurr, Attorney on behalf of
First Solid Energy Group LP.

_____
Alex Noe Palma


The Palma Entities, which are:
Firsol Centerpoint, LLC
Firsol Isbell, LLC
Firsol Kainer, LLC
Firsol Karnes, LLC
Firsol, LLC
GWK GP, LLC
JJR Transportation Solutions, Inc.
Pago Resources, LLC
Mexioil & Drilling, LLC
Linkcen, LLC
3KT Properties, LLC
First Solid Energy Group, LP
Solid Transport, LLC
Diamante Resources, LLC

By: _/s/ E. Palma_____
Ellie Ramos Palma, on behalf of the Palma Entities

Naphtha Transportation LLC

By:_____
Keith Schallenkamp



_____
Tim Dowling, Attorney on behalf of
Naphtha Transportation LLC


_____
Diane Kliem, Attorney on behalf of
Joe Lee Evans, Trustee of GO Trust


_____
Patrick J. Schurr, Attorney on behalf of
First Solid Energy Group LP.

---
Alex Noe Palma


The Palma Entities, which are:
Firsol Centerpoint, LLC
Firsol Isbell, LLC
Firsol Kainer, LLC
Firsol Karnes, LLC
Firsol, LLC
GWK GP, LLC
JJR Transportation Solutions, Inc.
Pago Resources, LLC
Mexioil & Drilling, LLC
Linkcen, LLC
3KT Properties, LLC
First Solid Energy Group, LP
Solid Transport, LLC
Diamante Resources, LLC

By:_____
Ellie Ramos Palma, on behalf of the Palma Entities

Naphtha Transportation LLC
By: /s/ Keith Schallenkamp
Keith Schallenkamp
Naphtha Transportation LLC's agreement to this motion, as evidenced by its signature above and that of its counsel below, is void unless an Order of the Bankruptcy Court is signed by 3/30/18 in response to this motion that results in Naphtha Transportation LLC being paid in the manner described above in this motion no later than 4/10/18. The foregoing sentence controls over any other provision of this Motion.


_____
Tim Dowling, Attorney on behalf of
Naphtha Transportation LLC
This signature by the above attorney for Naphtha Transportation LLC is subject to the terms stated in the signature block of Naphtha Transportation LLC immediately above


_____
Diane Kliem, Attorney on behalf of
Joe Lee Evans, Trustee of GO Trust

_____
Alex Noe Palma

The Palma Entities, which are:
Firsol Centerpoint, LLC
Firsol Isbell, LLC
Firsol Kainer, LLC
Firsol Karnes, LLC
Firsol, LLC
**GWKGP,** LLC
JJR Transportation Solutions, Inc.
Pago Resources, LLC
Mexioil & Drilling, LLC
Linkcen, LLC
3KT Properties, LLC
First Solid Energy Group, LP
Solid Transport, LLC
Diamante Resources, LLC


By:_____
Ellie Ramos Palma, on behalf of the Palma Entities

Naphtha Transportation LLC

By:_____
Keith Schallenkamp



_____
Tim Dowling, Attorney on behalf of
Naphtha Transportation LLC

_____
Diane Kliem, Attorney on behalf of
Joe Lee Evans, Trustee of GO Trust


_____
Patrick J. Schurr, Attorney on behalf of
First Solid Energy Group LP.

_____
Alex Noe Palma

The Palma Entities, which are:
Firsol Centerpoint, LLC
Firsol Isbell, LLC
Firsol Kainer, LLC
Firsol Karnes, LLC
Firsol, LLC
GWK GP, LLC
JJR Transportation Solutions, Inc.
Pago Resources, LLC
Mexioil & Drilling, LLC
Linkcen, LLC
3KT Properties, LLC
First Solid Energy Group, LP
Solid Transport, LLC
Diamante Resources, LLC

By: _/s/ Palma_____
Ellie Ramos Palma, on behalf of the Palma Entities

Naphtha Transportation LLC

By:_____
Keith Schallenkamp


_____
Tim Dowling, Attorney on behalf of
Naphtha Transportation LLC


_____
Diane Kliem, Attorney on behalf of
Joe Lee Evans, Trustee of GO Trust

_/s/ Patrick Schurr_____
Patrick J. Schurr, Attorney on behalf of
First Solid Energy Group LP.

8

CERTIFICATE OF SERVICE

I do hereby certify that on March 2, 2018, I served a copy of the Trustee's Motion for Approval of Settlement Agreement via CM/ECF electronic mail system to all parties electing to receive electronic notice in this bankruptcy case.

/S/MICHAEL B. SCHMIDT
Michael B. Schmidt